IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TERRICK NOONER                                                                                   PLAINTIFF

v.                                              Civil No. 1:19-cv-01005

UNITED STATES DISTRICT COURTS FOR
THE EASTERN AND WESTERN DISTRICTS
OF ARKANSAS, et al.                                                                            DEFENDANTS

# ORDER

Terrick Nooner ("Nooner"), currently an inmate of the Varner Super Max Unit of the Arkansas Department of Correction, has submitted for filing in this district a *pro se* civil rights action under 42 U.S.C. § 1983. Nooner has also submitted a motion to proceed *in forma pauperis* (IFP).

The IFP statute, 28 U.S.C. § 1915, contains what has come to be known as the "three strikes rule," 28 U.S.C. § 1915(g). The three strikes rule provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. 1915(g).

In this case, the three strikes rule applies to Nooner. He has at least three previous actions that qualify as strikes against him pursuant to 28 U.S.C. §1915(g). In *Nooner v. United States Court Eastern District of Arkansas, et al.,* No. 4:14-cv-00664 (E.D. Ark. Feb. 18, 2015), the Court

1

discussed Nooner's case filing history and dismissed the case based on the three strikes rule.[1] The Court stated:

> Mr. Nooner has well over three strikes. In November 2002, Judge Susan Webber Wright counted 33 conditions-of-confinement cases Mr. Nooner had filed in this district, 28 of which have been dismissed: three for failure to state a claim; one as frivolous; and nine based on Mr. Nooner's prior three-strike history. *See* Dkt. No. 5:02-cv-000383-SWW.

*Id.,* slip op. at 1. *See also Nooner v. Federal Bureau of Investigation,* No. 4:99-cv-00544, slip op. at 3 (E.D. Ark. Sept. 20, 1999) (strike—failure to state a claim); *Nooner v. Dickey*, No. 5:01-cv-00379, slip op. at 3 (E.D. Ark. Jan. 14, 2002) (adopting report and recommendation: strike—failure to state a claim); *Nooner v. Camp*, No. 5:98-cv-00345, slip op. 1-2 (E.D. Ark. Aug. 20, 1998) (dismissed based on three strikes rule). Thus, Nooner had accumulated more than three strikes prior to filing the instant lawsuit on February 21, 2019.

Nevertheless, Nooner may be allowed to proceed IFP if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. §1915(g) (providing that three strikers should be granted permission to proceed IFP if they are "under imminent danger of serious physical injury"). The Eighth Circuit has explained that the imminent danger exception to section 1915(g) applies only if the prisoner alleges that he is in imminent danger "at the time of filing" and thus "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Nooner has not alleged that, at the time this lawsuit was filed, he was in any danger at all, much less imminent danger. Instead, he asserts claims based on the alleged failure of various officials to properly perform their duties; the alleged failure of officials to conduct a sexual misconduct investigation; the alleged failure of officials to follow regulations; alleged fraudulent

---

[1] Nooner mistakenly believes that strikes in the Eastern District of Arkansas do not count in this district. Section 1915(g) applies to strikes entered in any federal district court in the United States.

conduct on the part of Defendants; and a number of other allegations that appear to be nonsensical. Accordingly, Nooner has failed to satisfy the imminent danger exception to the three strikes rule.

For these reasons, Nooner's IFP motion (ECF No. 2) is **DENIED**. This case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g). The Clerk is directed to place a § 1915(g) case flag on this case.

Within ten days of this Order, upon payment of the full $400 filing fee, Nooner may file a motion to reopen the case. Nooner should note the case number on the payment and the motion.

The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an IFP appeal would not be taken in good faith.

**IT IS SO ORDERED**, this 22nd day of April, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge